IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J.D. INDA, Personal Representative for the Estate of Robbie Inda,<br><br>        Plaintiff,<br><br>and<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>        Intervenor Plaintiff,<br><br>v.<br><br>CHRISTOPHER W. FRANKLIN, and DECKER TRUCK LINE, INC.,<br><br>        Defendants. | Case No. CIV-24-00488-JD |

**ORDER**

    Before the Court is Intervening Plaintiff American National Property and Casualty Company's Notice of Voluntary Dismissal ("Notice"). [Doc. No. 59]. The Notice indicates that Intervening Plaintiff American National Property and Casualty Company seeks to dismiss "its claims against Defendants, with prejudice." Notice at 1.

    Under Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A proper notice of dismissal under this provision is self-effectuating; "a plaintiff has an absolute right to dismiss . . .

and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

However, Rule 41(a)(1)(A)(i) is inapplicable here. Defendants Christopher W. Franklin and Decker Truck Line, Inc. ("Defendants") filed an answer to Intervenor's Complaint before Intervening Plaintiff filed its Notice. [Doc. Nos. 54, 55]. Thus, the Notice does not dismiss Defendants from this intervention.

At this juncture, Rule 41(a) offers two ways to voluntarily dismiss this intervention. First, Intervening Plaintiff may dismiss the intervention without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Because counsel have entered appearances on behalf of all plaintiffs and defendants [Doc. Nos. 16, 23, 24, 25, 38, 45, 53], J.D. Inda, Christopher W. Franklin, and Decker Truck Line, Inc. would all need to sign any stipulation of dismissal. Here, only counsel for Intervening Plaintiff signed the Notice. *See* [Doc. No. 59]. Second, Intervening Plaintiff may request that the Court dismiss this intervention "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The Court **ORDERS** the parties to confer regarding the prospect of voluntary dismissal under Rule 41(a)(1)(A)(ii) within fourteen (14) days of the filing of this order. If Intervening Plaintiff agrees to dismiss Defendants from the Intervenor Complaint, Intervening Plaintiff is to file a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii). Alternatively, within fourteen days, Intervening Plaintiff may move for an order by the Court under Rule 41(a)(2) for dismissal of Defendants Christopher W. Franklin and Decker Truck Line, Inc., with prejudice.

IT IS SO ORDERED this 8th day of August 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE